IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| M.B., | : | |
| | : | |
| Petitioner, | : | Case No.4:25-cv-134-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| v. | : | |
| | : | Case No.4:25-cv-140-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| KRISTI NOEM, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

On April 29, 2025, the Court received Petitioner's application for habeas corpus relief in case number 4:25-cv-140-CDL-AGH, ECF No 1, following its transfer from the United States District Court for the Northern District of Georgia. However, Petitioner previously filed an application for habeas relief in case number 4:25-cv-134-CDL-AGH (M.D. Ga. filed Apr. 23, 2025), ECF No. 1, and that case also remains pending before this Court. The Respondents and the requested relief—release from detention—are the same in both cases.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[1] Fed. R. Civ. P. 42(a). A district court's decision whether to consolidate [under Rule 42(a)] is 'purely

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2nd Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

discretionary.'" *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Exercising this "considerable" discretion requires weighing the risk of prejudice and confusion that could be caused by consolidation against considerations of judicial economy and the prejudice that duplicative litigation may cause, among other considerations. *Id.* (quoting *Hendrix*, 776 F.2d at 1495).

Here, consolidation of Petitioner's cases will conserve judicial resources and permit the efficient resolution of Petitioner's claims. It is therefore **ORDERED** that cases 4:25-cv-134-CDL-AGH and 4:25-cv-140-CDL-AGH, be **CONSOLIDATED** and that case 4:25-cv-140-CDL-AGH be **ADMINISTRATIVELY CLOSED**.

**SO ORDERED**, this 29th day of April, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE